UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CRISSTOFER MICHAEL FRENCH, SR.,

    Plaintiff,

    v.

CIRCUIT COURT FOR MONTGOMERY
COUNTY, MARYLAND and
THE STATE OF MARYLAND,

    Defendants.

Civil Action No. TDC-24-0807

**MEMORANDUM ORDER**

Self-represented Plaintiff Crisstofer Michael French, Sr. has filed a Complaint against the Circuit Court for Montgomery County, Maryland ("the Circuit Court") and the State of Maryland in which he references an unpaid debt and seeks injunctive and declaratory relief requiring the suspension of proceedings against him in the Circuit Court because Defendants' conduct constituted a violation of the Takings Clause of the Fifth Amendment to the United States Constitution. Defendants have filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Having reviewed the submitted materials, the Court finds that no hearing is necessary. *See* D. Md. Local R. 105.6. For the reasons set forth below, the Motion to Dismiss will be GRANTED.

**DISCUSSION**

On March 20, 2024, French was convicted in the Circuit Court of one count of sexual abuse of a minor. He was scheduled to be sentenced on July 5, 2024. The day preceding his conviction, on March 19, 2024, he filed this civil action in which he appears to request the following relief: (1) an injunction suspending all court proceedings in the Circuit Court; (2) a declaration that

Defendants have failed to pay French just compensation pursuant to the Takings Clause of the Fifth Amendment; and (3) "the release of defective security interest to the Trust." Compl. Ex. 1 at 6, ECF No. 1-1. French has also filed several other documents that the Court will consider alongside the Complaint, including a Petition on the Issue of Counsel, a Request for Admissions, an Objection to the Entry of Defendants' Counsel's Appearance, a Notice in which he states that personnel at the Montgomery County Correctional Facility ("MCCF") are not allowing him to conduct legal research or sign documents before a notary, and an Affidavit of Facts.

I. **Motion to Dismiss**

In their Motion to Dismiss, Defendants argue that: (1) the Court lacks subject matter jurisdiction because Defendants are state entities entitled to sovereign immunity under the Eleventh Amendment to the Constitution; (2) the Court should abstain from involvement in state court proceedings; and (3) the Complaint fails to state a plausible claim for relief.

The Eleventh Amendment to the United States Constitution provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Eleventh Amendment immunizes states from suit by private parties in federal court. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98 (1984). The United States Supreme Court has held that Maryland state courts, as entities of a sovereign state, are "immune from [] suit for damages" in federal court. *See Coleman v. Ct. of Appeals of Md.*, 566 U.S. 30, 35 (2012). Here, the Circuit Court and the State of Maryland are both state entities, so to the extent that the Complaint could be construed as seeking damages in the form of some kind of payment of a debt, those claims must be dismissed.

As for the claims for injunctive and declaratory relief, the abstention doctrine under *Younger v. Harris*, 401 U.S. 37 (1971), "requires a federal court to abstain from interfering in state proceedings, even if jurisdiction exists," if there is: "(1) an ongoing state judicial proceeding, instituted prior to any substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides an adequate opportunity for the plaintiff to raise the federal constitutional claim advanced in the federal lawsuit." *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 165 (4th Cir. 2008). If these elements are met, "*Younger* is not merely a principle of abstention; rather, the case sets forth a mandatory rule of equitable restraint, requiring the dismissal of a federal action." *Williams v. Lubin*, 516 F. Supp. 2d 535, 539 (D. Md. 2007). Here, where French's criminal case was ongoing at the time of the filing of the Complaint, and French has the opportunity to appeal any resolution within the state court system, this Court will abstain from intervening in the functioning of the state court processes. Moreover, to the extent that the Petition could be construed as seeking mandamus relief, this Court may issue such a writ to compel a federal officer, employee, or agency to perform a duty, but that authority does not extend to compelling action by a state official. *See* 28 U.S.C. § 1361 (2018). Therefore, the Court will dismiss the claims for declaratory and injunctive relief based on these considerations.

Finally, even if French's claims seeking injunctive and declaratory relief are not otherwise subject to dismissal on these bases, French has failed to state a claim upon which relief can be granted. To defeat a motion to dismiss under Rule 12(b)(6), the complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when the facts pleaded allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Legal conclusions or conclusory statements do not suffice. *Id.* A court must examine the complaint as a whole, consider the factual allegations

in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. *See Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005). A self-represented party's complaint must be construed liberally. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007). However, "liberal construction does not mean overlooking the pleading requirements under the Federal Rules of Civil Procedure." *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020).

Even when construing the Complaint liberally, the Court finds that French has failed to allege sufficient facts to state a plausible claim for relief. Factually frivolous claims involve "allegations that are fanciful, fantastic, and delusional." *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (internal citations omitted). Accordingly, a finding of factual frivolousness is "appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33. To determine whether a claim is frivolous, the Court may "apply common sense" and "reject the fantastic." *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 954 (4th Cir. 1995) (*en banc*).

Here, French provides only conclusory allegations that are nonsensical. He alleges that he is "a living man/steward of the Land and rightful heir to the People of the United States of America who hold in trust, the Original Grant to the Political Status Classified Trust A-1 Freehold by Inheritance Registration No: AA 222141" and that he will not "provide performance" until Maryland satisfies "a debt of $116,353,487.50." Compl. Ex. 1 at 2, ECF No. 1-1. He further asserts that Defendants "have records of the commercial financial gains from the usage of the en legis Crisstofer Michael French Sr"; "have not satisfied any invoice tendered"; have not "provide[d] or produced [any law] to restrict or prohibit the actions of Crisstofer Michael French Sr."; and have not "provided any proof of right of interest in the en legis Crisstofer Michael French

4

Sr." *Id.* at 4. These allegations meet the standard of frivolousness. Even if they did not, a careful review of the Complaint reveals that French has failed to state a claim as to any of his causes of action. Accordingly, the Court will dismiss the Complaint.

## II.    Other Filings

Because the Complaint will be dismissed, the remaining filings are moot. These filings include French's Petition for a Declaratory Judgment on the Select Issue of Counsel, ECF. No. 11, in which he appears to object to the requirement that counsel be a member of the bar in order to assist him in the preparation of his case; French's Request for Admissions, ECF No. 12, which relates to discovery that is not warranted in light of the dismissal; and French's Objection to the Entry of Appearance, ECF No. 14, in which he alleges deficiencies with Defendants' Notice of Intent to File a Motion to Dismiss, including the fact that defense counsel "has no firsthand knowledge" about the Complaint's claims. Objection at 1, ECF No. 14. To the extent that this filing could be construed as part of a memorandum in opposition to the Motion to Dismiss, the Court finds that where defense counsel's statements in the briefing were not construed by the Court as factual assertions, French's objection does not provide a basis to prevent dismissal.

Finally, French filed a Notice stating that the MCCF has interfered with his ability to litigate this case because its personnel will not allow him to sign legal documents before a notary or conduct adequate legal research. He also submitted an "Affidavit of Verified Facts and Truth" signed by Emily French, who is listed as French's "Attorney-in-Fact." Aff. at 3, ECF No. 23. Because the Court considered all documents filed by French with or without signature or notarization, including the Affidavit of Facts, and nevertheless found that the Complaint must be dismissed, French's allegations about MCCF personnel do not require action and do not provide a basis to preclude dismissal.

## CONCLUSION

For the foregoing reasons, is hereby ORDERED that:

1. Defendants' Motion to Dismiss, ECF No. 19, is GRANTED, and the Complaint is DISMISSED.

2. The Clerk is directed to close the case.

3. The Clerk is directed to mail a copy of this Memorandum Order to French.

Date: July 16, 2024

THEODORE D. CHUANG
United States District Judge